UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JAMES BAYLESS, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>RICHARD BROWN, Superintendent Wabash )<br>Valley Correctional Facility,[1] )<br>)<br>Respondent. ) | Case No. 2:15-cv-00279-WTL-MJD |

**Entry Discussing Petition for Writ of Habeas Corpus**

The petition of James Bayless for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. CIC-15-06-0065. For the reasons explained in this Entry, Bayless's habeas petition must be **denied**.

**Discussion**

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v.*

---

[1] Richard Brown, Superintendent of the Wabash Valley Correctional Facility, is substituted for the Superintendent of the Correctional Industrial Facility, because Bayless is currently in Superintendent Brown's custody. See Fed. R. Civ. P. 25(d); Rule 2(a) of the Rules Governing Section 2254 Cases.

*McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

### B. The Disciplinary Proceeding

At the time of the offense and disciplinary conviction, Bayless was incarcerated at the Correctional Industrial Facility. On June 3, 2015, Internal Affairs Investigator John Poer wrote a Report of Conduct charging Bayless with offenses A-111/113 attempted trafficking. The conduct report states:

> On May 5, 2015 an envelope containing a paperback book with 40 suboxone strips hidden in the spine of the book was intercepted at the mail search area. An investigation into the attempt to traffic a controlled substance was launched. Information obtained during this investigation indicates that offender James Bayless 156701 10A-3D participated in the delivery of the package containing the Suboxone strips. Offender Bayless is in violation of Class A 111/113 Attempting to Traffic with an Offender.

An Incident Report with substantially the same wording as the conduct report was also written up. Bayless was charged with violating prison rules by attempting to traffic.

On June 5, 2015, Bayless was notified of the charge of attempted trafficking (A-111/113) and served with a copy of the conduct report and the screening report. Bayless was notified of his rights and pleaded not guilty. He did not request a lay advocate, witnesses, or physical evidence. Bayless also waived 24 hours' advance notice of the disciplinary hearing.

A disciplinary hearing was held on June 10, 2015 in case CIC 15-06-0065. Bayless pleaded not guilty and provided the following statement: "I never made a phone call or knew anything about it." The disciplinary hearing officer ("DHO") found Bayless guilty of attempted trafficking. In making this determination, the DHO considered staff reports and the Internal Affairs Investigation Report (Ex-Parte; Sealed; Dkt. 12). Due to the frequency/nature of the offense and the likelihood of the sanction having a corrective effect on the offender's future behavior, the

hearing officer imposed the following sanctions: a written reprimand, 45 days' lost phone privileges, 90 days' disciplinary segregation, 190 days' lost earned credit time (ECT) (later reduced to 180 days' ECT lost), and a demotion from credit class one to credit class two.

Bayless appealed the disciplinary action to the Superintendent on June 12, 2015. The appeal was denied on June 23, 2015. Bayless's appeal to the final reviewing authority for the Indiana Department of Correction (IDOC) was denied on July 13, 2015.

### C. Analysis

Bayless's habeas petition raises two grounds for relief. First, he argues that he had no knowledge of contraband being sent to him through the mail. He states that he does not receive visits, rarely gets money, talks only to one person on the phone and receives mail only from his mom and wife (who is also in prison). Second, Bayless contends that his mail should not have been opened and the suboxone discovered. He states that no warrant was obtained to open his legal mail and that his mail was not opened in front of them. Bayless asks that the conduct report and sanctions be dismissed due to the prison officials' failure to follow prison mail procedures.

Bayless's first ground for relief attacks the sufficiency of the evidence. The "some evidence" standard is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). A rational adjudicator could readily conclude from the fact that the package with contraband was sent to Bayless that Bayless was attempting to traffic that contraband into the prison. *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the . . . [conduct board's] decision only if no reasonable adjudicator could have found . . . [the petitioner] guilty of the offense on the basis of the evidence presented"), *cert. denied,* 115 S. Ct. 314 (1994); *see also Hill*, 472 U.S. at 457 ("The Federal Constitution does not require evidence that logically

precludes any conclusion but the one reached by the disciplinary board."). This conclusion is further supported by the thorough investigation report.

Bayless further argues that his legal mail should never have been opened without a warrant and outside his presence. These claims were are procedurally defaulted because they were not raised during the administrative appeals process as required by 28 U.S.C. § 2254(b)(1)(A), (c).

### D.  Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Bayless to the relief he seeks. Accordingly, Bayless's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date:  12/22/16

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

JAMES BAYLESS
DOC # 156701
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

All Electronically Registered Counsel